**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-00395-RBJ

HOME BUYERS WARRANTY CORPORATION,
HOME BUYERS RESALE WARRANTY CORPORATION,
and 2-10 HOME BUYERS WARRANTY OF VIRGINIA, Inc.,

    Plaintiffs,

v.

DEBRA SUE "DEBIE" GENTRY,
KELLY SUSANNE ROBERSON,
ANASTASIA "STACEY" SANTRONI, and
KIMBERLY AZPEITIA,

    Defendants.

**PLAINTIFFS' MOTION FOR REDACTION**

Plaintiffs Home Buyers Warranty Corporation, Home Buyers Resale Warranty Corporation, and Home Buyers Warranty of Virginia, Inc., (collectively "Plaintiffs") submit this Motion for Redaction pursuant to the Court's 2017 Notice of Electronic Availability and Redaction of Transcripts, § II.F:

    1.    On July 21, 2020, the Court held a preliminary injunction hearing on the issues of whether Defendants should be enjoined from soliciting or accepting business from agents working at real estate brokerages with which Plaintiffs have exclusive advertising/marketing/sponsorship relationships through which Defendants sold home warranty policies during the calendar year 2019 while employed by Plaintiffs, which constitute HBW trade secrets.

2. During the hearing, Plaintiffs' confidential and proprietary trade secret information was discussed, including the identities of certain real estate professionals and brokerages that facilitate and promote the sale of Plaintiffs' warranty products and with whom Plaintiffs maintain advertising/marketing/sponsorship relationships—information that is not available to the public, was developed at great expense to Plaintiffs, and which Plaintiffs strenuously maintain is confidential. Plaintiffs invested significant time and money to develop business relationships with the identified individuals and brokerages, and their identities form the basis of Plaintiffs' competitive advantage in the marketplace. Plaintiffs will be irreparably damaged if this information is made available to the public, which includes their competitors, who would then be able to strategically target Plaintiffs' business relationships.

3. Although a presumption in favor of public judicial proceedings exists, documents may be restricted when the public's right of access is outweighed by interests which favor non-disclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). Courts may exercise discretion and restrict a public's right to access judicial records if that "right of access is outweighed by competing interests." *JetAway Aviation, LLC v. Bd. Of Cty. Comm'rs of Cty. Of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (internal quotations omitted). The court "weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015). The presumption against restriction may be overcome if the party seeking to restrict access or records "articulate[s] a real and substantial interest that justifies depriving the public access to the records that inform [the court's] decision-making process." *JeyAway*, 754 F.3d at 826.

4.	Further, a party may overcome the presumption of public access where the records contain trade secrets or business information that has the potential to harm a litigant's competitive standing.  *See Pine Tel. Co. v. Alcatel-Lucent USA Inc.*, 617 Fed. Appx. 846, 852 (10th Cir. 2015) ("In civil litigation, a showing that the records contain trade secrets may rebut [the presumption of public access]"); *see also SBM Site Servs., LLC v. Garrett*, No. 10-CV-00385-WJM-BNB, 2011 LEXIS 41527, at *9 (D. Colo. Apr. 12, 2011) ("Access properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

5.	Colorado has recognized that confidential listings of business information, including the listing of customer names or other information relating to any business which is of value, constitute trade secrets.  *Network Telecommunications, Inc. v. Boor-Crepeau*, 790 P.2d 901, 902 (Colo. App. 1990).  Excerpts from the July 21, 2020 Transcript contain exactly that information – lists of real estate agents and brokerages that facilitate the sale of Plaintiffs' home warranties, which is of substantial value within the home warranty sales field.

6.	Parts of the July 21, 2020 Transcript where the Parties discuss the identities of the real estate professionals and brokerages which have advertising/marketing/sponsorship programs in place should be redacted, as this constitutes a "source of business information that might harm [Plaintiffs'] competitive standing," a clearly defined and serious injury.  *See SBM*, 2011 LEXIS 41527, at *9.

7. Compared with the public's minimal interest in the disclosure of the discrete pieces of information at issue, Plaintiffs' interest in maintaining the confidentiality of its proprietary business relationships predominates.

8. Further, on July 22, 2020, the Court granted Plaintiffs' Motion to Restrict Access to an exhibit containing information of the same nature to Plaintiffs' current Motion. (Dkt. No. 60). Plaintiffs ask that the Court conform the July 21, 2020 Transcript to its July 21, 2020 Order, and maintain the confidentiality of the real estate professionals and brokerages with whom Plaintiffs maintain advertising/marketing/sponsorship relationships.

9. Plaintiffs respectfully request that the Court enter an order granting Plaintiffs' Motion for Redaction for the following lines of the July 21, 2020 Transcript:

- Page 65, lines 4-8: the identities of the brokerages
- Page 198, lines 19 and 24: the identities of the brokerages
- Page 199, lines 2, 13, and 15-16: the identities of the brokerages
- Page 201, lines 2, 6, 9, 20-21, and 25: the identities of the brokerages
- Page 202, lines 1-2, 4-5, 8, 12, 15-16, 18, 20, and 25: the identities of the brokerages
- Page 203, lines 8, 11, 19-21: the identities of the brokerage and specific real estate professionals
- Page 204, lines 10, 18, 21-22, and 25: the identity of the brokerage
- Page 205, lines 1, 7-8: the identities of the brokerages
- Page 222, lines 19-21: the identities of the brokerages

10. Attached hereto as Exhibit A is a copy of the relevant excerpts from the July 21, 2020 Transcript with Plaintiff's proposed redactions.

11. Plaintiffs have provided opposing counsel with its proposed redactions, but did not receive a response before the deadline to file.

12. Counsel for Plaintiffs certifies that they have reviewed the Court's practice standards and have tailored the proposed order accordingly.

        **BALLARD SPAHR LLP**
        1225 17th Street, Suite 2300
        Denver, Colorado  80202
        Telephone: 303.299.7326
        Email:  SuflasS@ballardspahr.com
                KellyC@ballardspahr.com
                ValenciaA@ballardspahr.com
                ByerC@ballardspahr.com
        /s/ *Steven S. Suflas*
        Steven W. Suflas, #50505
        Christopher J. Kelly
        Andrew P. Valencia, #54691
        Christopher E. Byer, #54023

        *Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 2, 2020, true and correct copies of the foregoing **MOTION FOR REDACTION** were served electronically via the Court's e-filing system, to:

William J. Kelly III
Kelly & Walker LLC
1512 Larimer Street, Suite 200
Denver, CO 80202
wkelly@kellywalkerlaw.com


James H. Ferrick
Kathleen M. Howard
Greensfelder, Hemker, & Gale, P.C.
10 S. Broadway, Suite 200
St. Louis, MO 63102
jhf@greensfelder.com
khoward@greensfelder.com

                                              */s/ Brandon Blessing*_____